IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Charles Christopher Williams,

    Petitioner,

-vs-

Bryan Stirling, Director, SCDC
And Joseph McFadden, Warden
Lieber Correctional Institution,

CA N. 6:16-cv-1655-JMC-KFM
**CAPITAL CASE**

    Respondents.

**AFFIDAVIT OF NATALIE NOVICK BROWN, PhD**

Natalie Novick Brown, first being duly sworn, states and deposes as follows:

1. I am a doctor of clinical psychology and have completed forensic fellowship training and a year of post-doctoral study in a fellowship with Dr. Ann Streissguth at the Fetal Alcohol and Drug Unit, University of Washington. I have specialized training concerning fetal alcohol spectrum disorder and related conditions.

2. I testified at the petitioner's state post-conviction merits hearing and was qualified by the presiding judge as an expert in forensic psychology, with particular expertise in Fetal Alcohol Spectrum Disorder. At that time I had performed hundreds of forensic psychological assessments. My education, training, licensures, publications and practice experiences were detailed at the hearing which included my *curriculum vitae,* all of which I incorporate herein by reference.

3. Prior to testifying I reviewed and detailed records concerning the petitioner including but not limited to, educational, vocational, medical reports and investigative records by team mitigation specialist. I reviewed psychological test and assessments and findings made by Drs. Adler and Connor. During my

1

testimony I detailed the factual basis for the opinions and assessments that I made in the petitioner's case. I incorporate that testimony herein by reference.

4. I have a current recollection of the petitioner, his condition and my testimony. To a reasonable degree of psychological certainty, on September 3, 2003, at the time of the crime, Charles Christopher Williams' capacity to conform his conduct to the requirements of law was substantially impaired.

5. On page 727 of the merits hearing transcript I was asked: "At that moment [the moment of the crime] could he [Charles Christopher Williams] control himself?" My answer then is the same as now: "No, he could not because of a biological impairment."

SWORN TO BEFORE ME THIS
11TH DAY OF JANUARY, 2017.

_____
Notary Public
My Commission Expires: 03/31/2020

_____
NATALIE NOVICK BROWN, PhD

[Notary Seal: STUART E BROWN, NOTARY PUBLIC, 03-31-2020, STATE OF WASHINGTON]

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Charles Christopher Williams,

        Petitioner,

-vs-

Bryan Stirling, Director, SCDC
And Joseph McFadden, Warden
Lieber Correctional Institution,

        Respondents.

CA N. 6:16-cv-1655-JMC-KFM
**CAPITAL CASE**

**AFFIDAVIT OF NATALIE NOVICK BROWN, PhD**

Natalie Novick Brown, first being duly sworn, states and deposes as follows:

1. I am a doctor of clinical psychology and have completed forensic fellowship training and a year of post-doctoral study in a fellowship with Dr. Ann Streissguth at the Fetal Alcohol and Drug Unit, University of Washington. I have specialized training concerning fetal alcohol spectrum disorder and related conditions.

2. I testified at the petitioner's state post-conviction merits hearing and was qualified by the presiding judge as an expert in forensic psychology, with particular expertise in Fetal Alcohol Spectrum Disorder. At that time I had performed hundreds of forensic psychological assessments. My education, training, licensures, publications and practice experiences were detailed at the hearing which included my *curriculum vitae,* all of which I incorporate herein by reference.

3. Prior to testifying I reviewed and detailed records concerning the petitioner including but not limited to, educational, vocational, medical reports and investigative records by team mitigation specialist. I reviewed psychological test and assessments and findings made by Drs. Adler and Connor. During my

1

testimony I detailed the factual basis for the opinions and assessments that I made in the petitioner's case. I incorporate that testimony herein by reference.

4. I have a current recollection of the petitioner, his condition and my testimony. To a reasonable degree of psychological certainty, on September 3, 2003, at the time of the crime, Charles Christopher Williams' capacity to conform his conduct to the requirements of law was substantially impaired.

5. It is also my opinion to a reasonable degree of psychological certainty that, on September 3, 2003, Charles Christopher Williams lacked sufficient capacity to conform his conduct to the requirements of the law.

6. On page 727 of the merits hearing transcript I was asked: "At that moment [the moment of the crime] could he [Charles Christopher Williams] control himself?" My answer then is the same as now: "No, he could not because of a biological impairment."

SWORN TO BEFORE ME THIS
16TH DAY OF JANUARY, 2017.

_____          _____
Notary Public                             NATALIE NOVICK BROWN, PhD
My Commission Expires: 03/31/2020

STUART E BROWN
NOTARY PUBLIC
COMMISSION EXPIRES
03-31-2020
STATE OF WASHINGTON

2